UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | ) Chapter 11 |
| | ) |
| **FORMTECH INDUSTRIES, LLC** and **FORMTECH INDUSTRIES HOLDINGS, LLC,**[1] | ) Case No. 09-12964 (MFW) |
| Debtors. | ) Jointly Administered |

**STATEMENT OF FINANCIAL AFFAIRS FOR FORMTECH INDUSTRIES HOLDINGS, LLC**

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers following in the parentheses): FormTech Industries Holdings, LLC (3828), FormTech Industries, LLC (4879). The mailing address for each of the Debtors is 2727 W. Fourteen Mile Rd., Royal Oak, MI 48073.

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTORS' SCHEDULES AND STATEMENTS

The Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") filed by FORMTECH INDUSTRIES, LLC and FORMTECH INDUSTRIES HOLDINGS, LLC (collectively, the "Debtors") are unaudited and were prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by the Debtors' management. While the Debtors' management has made reasonable efforts to file complete and accurate Schedules and Statements based upon information available at the time of preparation, the Schedules and Statements remain subject to further review and verification by the Debtors. Subsequent information may result in material changes in financial and other data contained in the Schedules and Statements. The Debtors reserve the right to amend their Schedules and Statements from time to time as may be necessary or appropriate. These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules and Statements (the "Global Notes") is incorporated by reference in, and comprises an integral part of, the Schedules and Statements and should be referred to and reviewed in connection with any review of the Schedules and Statements.

1) Description of the Cases and "As Of" Information Date. On August 26, 2009 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' cases are jointly administered under case number 09-12964. The Debtors currently operate their businesses and possess their property as debtors-in-possession under Bankruptcy Code Sections 1107 and 1108. Except as otherwise noted, all asset and liability information is as of the Petition Date. The Debtors have made every reasonable effort to allocate liabilities between pre-Petition Date and post-Petition Date periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.

2) Basis of Presentation. These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to any financial statements otherwise prepared and/or distributed by the Debtors. The Schedules and Statements have been signed by Chip Moore, Chief Financial Officer of FormTech Industries Holdings, LLC. In reviewing and signing the Schedules and Statements, Mr. Moore has necessarily relied upon the efforts, statements, and representations of the accounting and non-accounting personnel located at FormTech Industries Holdings, LLC's headquarters.

3) Summary of Significant Reporting Policies. The following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

a. Fair Market Value; Book Value. Unless otherwise noted in the Schedules and Statements, the value of each asset and liability of a Debtor is shown on the basis of the book value of such asset or liability in the Debtors' accounting books and records. As a result, the value of the Debtors' assets and liabilities set forth on the Schedules and Statements may not always reflect the current market values of such property and/or liabilities. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

b. Liabilities. The Debtors have sought to allocate liabilities between the pre-Petition Date and post-Petition Date periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between pre-Petition Date and post-Petition Date might change. The Debtors also reserve the right to change the priority and allocation of liability to the extent additional information becomes available.

c. Real Property and Personal Property–Leased. In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property, including furniture, fixtures and equipment, from certain third-party lessors. All such leases are set forth in the Schedules and Statements. The property subject to leases is not reflected in the Schedules and Statements as either

owned property or assets of the Debtors or property or assets of third- parties within the control of the Debtors. The lease payments under such leases have been included on Schedule D (secured debt) to the extent the lessor filed a UCC-1. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to all such issues.

d. <u>Causes of Action</u>. Despite their best efforts as described above, the Debtors may not have set forth all of their claims, causes of actions and potential recoveries in their Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

e. <u>Intellectual Property Rights</u>. Exclusion of certain intellectual property shall not be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms or have been assigned or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property rights shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms or have been assigned or otherwise transferred pursuant to a sale, acquisition or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

f. <u>Schedule D</u>. Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim. The descriptions provided on Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

g. <u>Schedule G</u>. While every effort has been made to ensure the accuracy of the Schedule of Executory Contracts, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement or lease set forth on Schedule G and to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature, if any, have been scheduled to the best of the Debtors' knowledge. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such agreements, if any, are not set forth on Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on these Schedules and Statements, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument.

h.     Claims. Certain of the Debtors' Schedules and Statements list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date. The Bankruptcy Court has authorized the Debtors to, among other things: pay prepetition amounts owed to certain potential lienholders; pay certain prepetition governmental obligations and taxes; pay certain vendors; and, pay certain other prepetition obligations. As a result, the actual unpaid claims of creditors that ultimately may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements.

i.     Disputed, Contingent and/or Unliquidated Claims. Schedules D, E and F permit each of the Debtors to designate a claim as disputed, contingent and/or unliquidated. A failure to designate a claim on any of these Schedules as disputed, contingent and/or unliquidated does not constitute an admission that such claim is not subject to objection. The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules as to amount, liability or status. Moreover, the Debtors reserve the right to amend these Schedules and Statements as necessary and appropriate.

j.     Payments Made Within One Year of the Petition Date. The Debtors listed payments made to various individuals and entities in response to question 3c of the Statement of Financial Affairs. The inclusion of any individual or entity in the response to question 3c of the Statement of Financial Affairs, however, is not an admission by the Debtors that the individual or entity is an "insider," as set forth in section 101(31) of the Bankruptcy Code. The Debtors reserve the right to dispute or challenge the designation of any individual or entity as an insider in connection with any other matter arising in the Debtors' chapter 11 cases.

k.     Reservation of Rights. The Debtors reserve all their rights to amend the Schedules and Statements in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claims reflected on the Schedules as to amount, liability, or classification or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Any failure to designate a claim as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such claim is not "disputed," "contingent," or "unliquidated." Further, nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights with respect to the chapter 11 cases and specifically with respect to any issues involving equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.  Moreover, although the Debtors have scheduled claims of various creditors as priority claims, the Debtors reserve all rights to dispute or challenge the priority treatment of any such creditor's claim (or portion thereof), or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

B7 (Official Form 7) (12/07)

# FORM 7 - STATEMENT OF FINANCIAL AFFAIRS
# UNITED STATES BANKRUPTCY COURT
### District of Delaware

In re: FormTech Industries Holdings, LLC            Case No. 09-12965 (MFW)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

**1. Income from employment or operation of business**
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|---|---|---|
| X | | |



## 2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|---|---|---|
| X | | |

## 3. Payment to creditors

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | | | | |

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | | | | |

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | | | | |

## 4. Suits and administrative proceedings, executions, garnishments and attachments

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|---|
| X | | | | |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

## 5. Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

## 6. Assignments and receiverships

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|---|
| X | | | |

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|---|
| X | | | | |

## 7. Gifts

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|---|
| X | | | | |

## 8. Losses

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCE AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|---|
| X | | | |

## 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

## 10. Other transfers

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|---|
| X | | | |

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NONE | NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|---|
| X | | | |

## 11. Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|---|
| X | | | |

## 12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO THE BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|---|
| X | | | | |

## 13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|---|
| X | | | |

## 14. Property held for another person

List all property owned by another person that the debtor holds or controls.

| NONE | NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|---|
| X | | | |

## 15. Prior address of debtor

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| NONE | ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|---|
| X | | | |

## 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

| NONE | NAME |
|---|---|
| X | |

**17. Environmental Information.**
For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|---|
| X | | | | |

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|---|
| X | | | | |

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NONE | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|---|
| X | | | |

**18. Nature, location and name of business**

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full – or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

> *If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

> *If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NONE | NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|---|
| X | | | | | |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NONE | NAME | ADDRESS |
|---|---|---|
| X | | |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

> *(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NONE | NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| X | | |

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NONE | NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|---|
| X | | | |

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NONE | NAME | ADDRESS |
|---|---|---|
| X | | |

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | DATE ISSUED |
|---|---|---|
| X | | |

### 20. Inventories
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| NONE | DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|---|
| X | | | |

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| NONE | DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|---|
| X | | |

### 21. Current Partners, Officers, Directors and Shareholders
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NONE | NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|---|
| X | | | |

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NONE | NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|---|
| | See attached SOFA 21b | | |

### 22. Former partners, officers, directors and shareholders
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NONE | NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|---|
| X | | | |

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|---|
| | Dave Nelson<br>4956 Crestone Way<br>Rochester, MI 48306 | Director | 4/23/09 |
| | Elvin (Skip) Audry Jr.<br>287 Suffield<br>Birmingham, MI 48009 | Vice President & CFO | 1/5/09 |
| | Michael Ryan<br>64 Millhouse Dr.<br>Oakland Township, MI 48363 | President | 4/17/09 |
| | Todd Heavin<br>1950 Oak Pointe Dr.<br>Rochester Hills, MI 48306 | Vice President & COO | 1/3/09 |

### 23. Withdrawals from a partnership or distributions by a corporation

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

### 24. Tax Consolidation Group.

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NONE | NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
| X | | |

### 25. Pension Funds

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NONE | NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
| X | | |

In re: FormTech Industries Holdings LLC
Case No. 09-12965
SOFA 21b
Current Partners, Officers, Directors and Shareholders

| Name | Address | City | State | Zip | Title | Nature and percentage of stock ownership |
|---|---|---|---|---|---|---|
| Benjamin Jacobson | 595 Madison Avenue; 31st Floor | New York | NY | 10022 | Chairman | 0.00% |
| Benjamin Jacobson | 595 Madison Avenue; 31st Floor | New York | NY | 10022 | CEO | 0.00% |
| Charles Moore | 595 Madison Avenue; 31st Floor | New York | NY | 10022 | Director | 0.00% |
| Charles Moore | 595 Madison Avenue; 31st Floor | New York | NY | 10022 | CFO | 0.00% |
| Ed Gaffney | 595 Madison Avenue; 31st Floor | New York | NY | 10022 | Director | 0.00% |
| Erik Akhund | 499 Park Avenue | New York | NY | 10022 | Director | 0.00% |
| GR Investment | 839 North Rochester Road | Clawson | MI | 48017 | Shareholder | 13.36% |
| Jerry Kane | 400 West Sheridan Place | Lake Bluff | IL | 60044 | Director | 0.00% |
| JP Acquisition Fund IV, L.P. | 595 Madison Avenue,31st Floor | New York | NY | 10022 | Shareholder | 49.75% |
| New FT Holdings Inc c/o Quadrant Capital | 499 Park Avenue | New York | NY | 10022 | Shareholder | 5.57% |
| Richard Larkin | 839 North Rochester Road | Clawson | MI | 48017 | Director | 0.00% |
| Richard McDermott | 839 North Rochester Road | Clawson | MI | 48017 | Vice Chairman | 0.00% |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: FormTech Industries Holdings, LLC

Case No. 09-12965 (MFW)

# Declaration Concerning Debtor's Statement of Financial Affairs

I, Chip Moore, Chief Financial Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  9/22/2009

Signature: _[signed]_
Chip Moore
Chief Financial Officer

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C.§§ 152 and 3571.