## Exhibit B

**Dryer Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORMTECH INDUSTRIES, LLC | ) | Case No. 09-12964 (MFW) |
| and FORMTECH INDUSTRIES | ) | |
| HOLDINGS LLC,[1] | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**DECLARATION OF JOEL DRYER IN SUPPORT OF APPLICATION
OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT
AND RETENTION OF MORRIS-ANDERSON & ASSOCIATES LTD.
AS FINANCIAL ADVISOR, *NUNC PRO TUNC* TO SEPTEMBER 3, 2009**

I, JOEL DRYER, hereby declare under penalty of perjury:

1. I am a Managing Director with Morris-Anderson & Associates, Ltd. ("Morris Anderson"). Morris Anderson is a financial advisory firm with its offices at, *inter alia*, 55 W. Monroe St. 2500 Chicago, IL 60603.

2. I submit this declaration in support of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (the "Debtors") for an order approving the employment and retention of Morris Anderson as its financial advisors in the above-captioned Chapter 11 Cases, in compliance with and to provide disclosure pursuant to sections 1102 and 504 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure

---

[1] The Debtors are the following two entities (followed by the last four digits of their respective taxpayer identification numbers): FormTech Industries Holdings, LLC (3828) and FormTech Industries, LLC (4879). The mailing address for each of the Debtors is: 2727 W. Fourteen Mile Rd., Royal Oak, MI 48073.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

(the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). Unless otherwise stated in this declaration, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon Morris Anderson's completion of further analysis or as additional creditor information becomes available to it, a supplemental declaration will be submitted to the Court. Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, Morris Anderson intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, plus reimbursement of actual, necessary expenses and other charges incurred by Morris Anderson during the case. The principal professionals and paraprofessionals designated to represent the Committee and their current standard hourly rates are as follows:

| | |
|---|---|
| Joel Dryer | $500 per hour |
| Mark Iammartino | $300 per hour |
| Jason Paru | $300 per hour |
| Other Consultants as needed | $250-$350 per hour |
| Administrative Assistance | $75 per hour |

The hourly rates set forth above are Morris Anderson's standard hourly rates for work of this nature. These rates are set at a level designed to compensate Morris Anderson fairly for the work of their attorneys and paralegals and to cover fixed and routine overhead expenses. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other professionals within Morris Anderson may from time to time serve the Committee in connection with the matters described herein.

It is Morris Anderson's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, regular mail and express mail charges, special or hand delivery charges, document processing, printing/photocopying charges, travel expenses, expenses for "working meals," computerized research, as well as non-ordinary overhead expenses such as secretarial and other overtime. Morris Anderson will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to Morris Anderson's other clients or as previously fixed by this Court. Morris Anderson believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

Neither I, Morris Anderson, nor any principle or associate of Morris Anderson, insofar as I have been able to ascertain, has in the past represented the Debtors' largest creditors, any significant beneficiaries of the Debtors (holding 5% or more of the beneficial interests in the Debtors) or any Potential Party in Interest (as defined below), except as hereinafter set forth.

In preparing this declaration, we used a set of procedures established by Morris Anderson to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding retention of professionals by an official committee under the Bankruptcy Code. In that regard, Morris Anderson reviewed the lists of entities disclosed by the Debtors who may be parties in interest in the Chapter 11 Cases, including, inter alia, the Debtors' secured creditors, the Debtors' largest unsecured creditors, present officers and directors and parties holding equity interests in the Debtors (the "Potential Parties in Interest").

Morris Anderson maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of Morris Anderson to make and

maintain these records. The conflict system maintained by Morris Anderson is designed to include (i) every matter on which it is now or has been engaged, (ii) the entity by which it is now or has been engaged, (iii) the identity of related parties, (iv) the identity of adverse parties and (v) the Principle at Morris Anderson that is knowledgeable about the matter. It is the policy of Morris Anderson that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and the related and adverse parties. Accordingly, the database is updated for every new matter undertaken by Morris Anderson. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

Morris Anderson has in the past represented, currently represents and/or may in the future represent, in matters wholly unrelated to the Debtors or the Chapter 11 Cases, certain Potential Parties in Interest (including, without limitation, those entities set forth on <u>Exhibit 1</u> attached hereto who are current clients or are affiliates thereof, and those entities or affiliates thereof set forth on <u>Exhibit 2</u> attached hereto who have been represented by Morris Anderson within the last five (5) years). I do not believe that any single matter is a major engagement that would involve either the billing of fees in excess of one half of one percent (.5%) of Morris Anderson's annual fees billed, or that, in the aggregate for any affiliated group of entities, exceeds one percent (1%) of Morris Anderson's annual fees billed. In any event, Morris Anderson will not represent any of the foregoing potential parties in interest in any facet of the Debtors' Chapter 11 Cases.

Morris Anderson has not and will not represent any entity other than the Committee in connection with the Chapter 11 Cases.

Morris Anderson has not received a retainer.

I do not believe there is any connection or interest (as such terms are used in section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between Morris Anderson and (i) the U.S. Trustee or any person employed by the Office of the U.S. Trustee or (ii) any counsel, accountants, financial consultants and investment bankers who represent or may represent claimants or other parties in interest in these Chapter 11 Cases. In addition, as part of its practice, Morris Anderson advises in cases, proceedings and transactions involving many different attorneys, counsel, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants and parties in interest in this case. Morris Anderson has not and will not represent any such entities in relation to the Chapter 11 Cases nor have any relationship with any such entities that would be adverse to the Committee or its interests in the matters upon which Morris Anderson is to be employed.

Except as set forth herein, and based upon the information available to me, neither I, Morris Anderson nor any principle or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Committee in the matters upon which Morris Anderson is to be employed. Based upon the information available to me, I believe that Morris Anderson is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

The proposed engagement of Morris Anderson is not prohibited by or improper under Bankruptcy Rule 5002(a).

No promises have been received by Morris Anderson, or by any principle or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. Morris Anderson

has no agreement with any other entity to share with such entity any compensation received by Morris Anderson.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

The foregoing constitutes the statement of MAA pursuant to sections 504 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016(b) and 5002, and Local Bankruptcy Rule 2014-1.

*[signature: Joel S. Dryer]*

JOEL DRYER

Executed on September 23, 2009

# **EXHIBIT B-1**

Current Clients[1][2]

Wachovia

Wells Fargo

US Bancorp

CIT Business Credit

National City


Former Clients

UPS

Siemens

---

[1] Parties that are both current clients and former clients of Morris Anderson are only listed under "Current Clients"

[2] Due to the similarity of names of certain entities, Morris Anderson was not able to determine if all entities listen herein are actually affiliates of current clients. However, out of an abundance of caution, Morris Anderson has listed those entities which it reasonably believes may be affiliates of current clients.