# EXHIBIT C

**Form of Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORMTECH INDUSTRIES, LLC | ) | Case No. 09-12964 (MFW) |
| and FORMTECH INDUSTRIES | ) | |
| HOLDINGS LLC,[1] | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) Re: D.I. ___ | |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CONWAY, MORRIS-ANDERSON & ASSOCIATES LTD. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO SEPTEMBER 3, 2009

Upon (i) the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor-in-possession (the "Debtor") for the entry of an order authorizing the Committee to retain and employ Morris-Anderson & Associates, Ltd. ("MAA") as its financial advisor in connection with this Chapter 11 Case, *nunc pro tunc* to September 3, 2009, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended and supplemented, the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), and (ii) the Declaration of Joel Dryer, a managing director of MAA, sworn to on September 17, 2009 (the

---

[1] The Debtors are the following two entities (followed by the last four digits of their respective taxpayer identification numbers): FormTech Industries Holdings, LLC (3828) and FormTech Industries, LLC (4879). The mailing address for each of the Debtors is: 2727 W. Fourteen Mile Rd., Royal Oak, MI 48073.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

"Dryer Declaration") which is annexed as **Exhibit A** to the Application; and the Court being satisfied based on the representations made in the Application and the Dryer Declaration, that MAA represents no interest adverse to the Committee and/or the Debtor's estate with respect to the matters upon which it is to be engaged, that MAA is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, that MAA's employment is necessary and in the best interest of the Committee and the Debtor's estate; and finding that proper and adequate notice of the Application has been given; and it appearing that no other notice need be given; and this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334; and this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this case and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1.  The Application is GRANTED.

2.  In accordance with sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Committee is hereby authorized and empowered to employ and retain MAA as its financial advisor, *nunc pro tunc* to September 3, 2009, in connection with this Chapter 11 Case on the terms set forth herein.

3.  MAA shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court.

4.  Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, and orders of this Court or any guidelines regarding submission and approval of fee

applications, MAA and its professionals (i) shall be permitted to provide general summaries of tasks and hours and (ii) shall not be required to maintain or provide detailed time records using project categories in connection with its fee applications.

5. Notwithstanding the possible applicability of Rules 6004, 7062 and 9014 of the Bankruptcy Rules, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
_____, 2009

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE